U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

United States Bankruptcy Judge

Signed September 24, 2012

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| TAYTON SETH FINLEY, | § § | Case No. 11-47177-RFN-7 |
| Debtor. | § | |

### MEMORANUM OPINION DENYING DEBTOR'S MOTION TO RECUSE

The Debtor is appearing *pro se* and has filed ten adversary proceedings[1] under 11 U.S.C. § 523(a)(8) seeking to discharge student loan debts on the basis that requiring him to repay these debts would impose an undue hardship.[2] All of the adversary proceedings are in the initial stages, with trials scheduled to take place in January, 2013.

On September 5, 2012, the Debtor filed a motion requesting the court to recuse itself in all of these proceedings under 28 U.S.C. § 455(a) because the court's impartiality might

---

[1] The adversary proceedings are: 12-4036, 12-4037, 12-4038, 12-4039, 12-4040, 12-4041 (closed), 12-4042, 12-4043, 12-4044 and 12-4045.
[2] In three of the adversary proceedings—12-4041, 12-4043 and 12-4044—the Debtor has also alleged that the loans in question are not educational loans.

reasonably be questioned (the "Motion to Recuse").  For the reasons set forth in this order, the court denies the Motion to Recuse.

The Debtor describes a non-exhaustive list of examples of what he believes to be evidence of the court's lack of impartiality.  In many instances, the Motion to Recuse is unclear as to the exact nature of the Debtor's complaints.  The court understands, however, that the Debtor takes issue with the court's handling of various matters in adversary proceeding 12-4036 and the court's orders permitting Educational Credit Management Corporation ("ECMC") to participate in status conferences in adversary proceeding numbers 12-4037 and 12-4040 and to be substituted as the defendant in those matters pursuant to Federal Rule of Bankruptcy Procedure 7025(c).

### The Debtor's Concerns about Adversary Proceeding 12-4036

The Debtor's concerns about adversary proceeding 12-4036 seem to be four-fold.

First, the Debtor seems to suggest in paragraphs 4 and 5 of the Motion to Recuse that the court should have entered a default judgment against defendant North Texas Health Science Center ("NTHSC") immediately after the answer deadline given in the summons simply because NTHSC had notice of the adversary proceeding and did not file a timely answer. The court cannot do that. Federal Rule of Bankruptcy Procedure 7055 dictates the procedure by which a default judgment may be taken.  The plaintiff must obtain a clerk's entry of default and must file and serve a motion for default judgment before the court can enter a default judgment.  The Debtor did not initiate that procedure in adversary proceeding 12-4036.

Second, the Debtor complains in paragraph 6 of the Motion to Recuse that the court allowed NTHSC to file a late answer in adversary proceeding 12-4036 after conducting an

2

expedited hearing at NTHSC's request. The Debtor also notes that the order permitting the expedited hearing was not served on him by the Bankruptcy Noticing Center ("BNC") until the day after the expedited hearing. The court has reviewed the BNC notice, and the Debtor is correct; the order permitting the June 28, 2012 expedited hearing was mailed by BNC on June 29, 2012. But that does not end the inquiry. The Debtor was served with NTHSC's motion to file its late answer and was given notice of the expedited hearing by NTHSC. It is within the court's discretion to grant an expedited hearing unless Federal Rule of Bankruptcy Procedure 9006 prohibits it, which it does not do in this instance. When the court grants an expedited hearing, it is the court's policy—partly because of the delays in BNC mailed notices—to require the moving party to notify all affected parties. That was done by NTHSC on June 25, 2012, three days prior to the June 28, 2012 expedited hearing. The Debtor received notice of the expedited hearing and was granted permission to appear at the hearing by telephone. The Debtor did appear at the hearing by telephone and was heard in opposition to NTHSC's request. After hearing from both sides, the court concluded that NTHSC should be allowed to file a late answer because its failure to file a timely answer was the result of excusable neglect. Federal Rule of Bankruptcy Procedure 9006(b)(1) permits the court to extend a deadline when the request is made after the expiration of the deadline upon showing of excusable neglect.

Third, the Debtor suggests in paragraph 7 of the Motion to Recuse that it was inappropriate for the court to include adversary proceeding 12-4036 in a joint scheduling order discussion during a status and scheduling conference held on June 25, 2012. On June 25, 2012, the court held a status and scheduling conference in six of the adversary proceedings (in three at the request of the Debtor and in three at the request of ECMC). In reviewing the adversary proceedings in preparation for the status conference, the court determined that the factual and

3

legal issues in all ten adversary proceedings would be substantially the same. The court determined that all of the adversary proceedings should be tried together and should be the subject of a new scheduling order. After seeking input from the Debtor and all counsel present at the June 25, 2012 status conference, the court announced that it would prepare and enter such an order in all of the Debtor's pending adversary proceedings. The court understands the Debtor to be suggesting that on June 25, 2012 the court was pre-judging NTHSC's motion to file a late answer that was scheduled for June 28, 2012. The court did not pre-judge the issue of NTHSC's ability to file a late answer on June 25, 2012; it simply set a trial docket call date and various pre-trial deadlines for the cases. It is within the court's discretion to control the trial deadlines in its cases, and the court frequently enters scheduling orders to establish dates and deadlines in a case prior to resolution of pending motions like NTHSC's pending motion.

Fourth, the Debtor complains in paragraph 8 of the Motion to Recuse that it was improper for the court to grant University Accounting Services, LLC's ("UAS") motion to dismiss in adversary proceeding 12-4036, because UAS had not yet answered and the court had not yet ruled on UAS's motion to extend its answer date. The Debtor is correct that UAS never filed an answer and was never granted permission to answer late, but the Debtor did not seek a default judgment against UAS for its failure to answer before the May 18, 2012 deadline. Instead, UAS filed a motion to dismiss on May 30, 2012 and served it on the Debtor at the address that he has provided as the proper service address in these cases. On July 12, 2012, UAS served the Debtor with the notice of the hearing on the motion to dismiss. The Debtor did not respond to the motion to dismiss and did not appear at the August 21, 2012 hearing. The basis for the motion to dismiss was that UAS was the servicer of the student loan at issue, but that it did not have any ownership interest in the student loan debt. The Debtor's complaint itself alleges that he owes

4

student loan debts to NTHSC and seeks a hardship discharge of the debt to NTHSC. The Debtor's complaint includes UAS as a defendant and servicer of the loans, but does not allege that UAS is the holder of any of his student loan debt. It was proper for the court to dismiss UAS from the case, and the Debtor was given an opportunity to oppose the dismissal and chose not to appear in opposition.

**The Debtor's Concerns about ECMC and Adversary Proceedings 12-4037 and 12-4040**

In adversary proceeding 12-4037, the Debtor sued Great Lakes Educational Loan Services, Inc., PNC Education Loan Center, Nelnet Loan Services, Inc., Wells Fargo Bank, and American Student Assistance. In adversary proceeding 12-4040, the Debtor sued Great Lakes Educational Loan Services, Inc., U.S. Bank ELT Northstar, and Great Lakes Higher Education Guaranty Corporation. On May 18, 2012, ECMC filed motions in both cases to substitute itself as the proper defendant under Federal Rule of Bankruptcy Procedure 7025(c) because the student loans at issue either had been or were in the process of being assigned to ECMC.

The Debtor seems to have five specific concerns with the court's handling of adversary proceedings 12-4037 and 12-4040.

First, the Debtor seems to argue in paragraph 9 and 11 of the Motion to Recuse that because the named defendants did not file timely answers in these cases ECMC could not file a motion to substitute itself as defendant. The Debtor seems to be arguing that all of the original defendants' rights were lost by virtue of their failure to file timely answers and that ECMC was stepping into the shoes of parties whose fates were sealed. The court does not agree with the Debtor. A default judgment is not automatic. Moreover, a motion to substitute under Federal

5

Rule of Bankruptcy Procedure 7025 is not dependent upon whether the named defendant has filed an answer.

Second, the Debtor complains in paragraph 9 of the Motion to Recuse that ECMC's motion to substitute was defective because the motion was not served "together with" a notice of hearing. Federal Rule of Bankruptcy Procedure 7025 does say that a "motion to substitute, together with a notice of hearing, must be served…" In this case, ECMC served the motion on May 18, 2012 and the notice of hearing (for an August 15, 2012 hearing) on June 27, 2012. The Debtor argues that this is a fatal defect. The court disagrees. While the two documents were not in the same mailing envelope, the Debtor received both the motion and the notice of hearings and had the opportunity to respond and appear in opposition. That fulfills the spirit of the rule and due process. Moreover, the Debtor is not prejudiced by ECMC's failure to comply with the literal requirement of the rule, because if the court had denied the motion, ECMC could have re-served the motion and a notice of hearing in the same envelope and the result would be the same.

Third, the Debtor argues in paragraph 9 of the Motion to Recuse that it was inappropriate for the court to allow ECMC to participate in a status conference on June 25, 2012, because ECMC was not yet substituted as a defendant in adversary proceedings 12-4037 and 12-4040. ECMC was substituted as a defendant in these adversary proceedings by an order entered on August 23, 2012. The Debtor asserts that it was inappropriate for the court to allow a non-party to participate in a scheduling conference. The record shows that ECMC's motion to substitute was on file as of the time of the June 25, 2012 scheduling and status conference. On June 25, 2012, the court merely determined that the adversary proceedings filed by the Debtor should be tried together and should be the subject of a joint scheduling order. The court asked all counsel involved (and the Debtor) whether they agreed with a consolidated trial and what month would

be best for that trial. The court expressly did not rule on ECMC's motion to substitute, but allowed ECMC's counsel to weigh in on the scheduling matters in the event ECMC would eventually become a party.

Fourth, the Debtor claims in paragraph 10 of the Motion to Recuse that he was confused by CMECF's indication that ECMC's pleading was a "motion to intervene" when it was in fact a "motion for substitution." While the court agrees that the CMECF descriptions of filed motion can sometimes be unhelpful, the motion clearly states that it is a motion to substitute a party under Federal Rule of Bankruptcy Procedure 7025. Moreover, the description of the motion in CMECF and PACER refers to the fact that the motion involves substitution. Upon review of the pleading, the Debtor should not have been confused about the nature of the relief requested or the basis for such relief.

Finally, the Debtor claims in paragraph 10 of the Motion to Recuse that the court held an *ex parte* hearing on ECMC's motion to substitute. That is not the case. ECMC served the Debtor with both the motion to substitute and notice of the August 15, 2012 hearing. The notices were sent to the address that the Debtor has claimed in open court to be his correct service address. The Debtor did not appear at the August 15, 2012 hearing. The hearing on ECMC's motion was held at 2:30. ECMC appeared and presented affidavits regarding the transfer of the interests to it by the named defendants. The hearing began at 2:30 and concluded at 2:39. The Debtor arrived sometime after the hearing concluded, and filed his objection to ECMC's motions at 4:18 pm on August 15, 2012. The Debtor's failure to appear at a hearing, of which he had sufficient notice, does not make the hearing *ex parte*.

**Authorities and Analysis**

The court has an obligation to recuse itself if its "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for recusal is objective and involves determining whether a reasonable person, knowing all the relevant facts and circumstances, would doubt the court's impartiality. *Roth v. Mims,* 298 B.R. 272, 281 (N.D. Tex. 2003). The fact that a court rules against a party is not alone grounds for recusal. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994). The court's expressions of irritation or short-temperedness with a party do not require the court to recuse itself. *Id.* at 556; *Jacobson v. Everson*, 96 A.F.T.R.2d (RIA) 6941 (W.D. Wis. 2005).

The court's actions in adversary proceedings 12-4036, 12-4037 and 12-4040 and all other matters related to this Debtor have been impartial and fair, taken only after proper and adequate notice to the Debtor and after hearings at which all parties had the opportunity to be heard. The court has ruled against the Debtor, and the court has, at times, been perplexed by the Debtor's strategy in these proceedings. For example, many of the Debtor's complaints are directed to his lack of success in (1) maintaining the adversary proceedings against parties who are not parties in interest and (2) preventing real parties in interest from participating. These efforts are not only inconsistent with common sense and judicial economy, but undermine the Debtor's own objectives in these adversary proceedings. Notwithstanding its frustration with the amount of time devoted to ensuring that full and complete relief can be accorded in these cases, the court holds no bias against the Debtor. It remains impartial and committed to fairly resolving these matters. Accordingly, the Motion to Recuse will be denied.

###END OF MEMORANDUM OPINION###